Per Curiam.
The first objection taken by the defendant is that the judge read the whole of section 282, subdivision 1, Penal Code, as amended in 1886, and a portion of subdivision 2. These subdivisions, as thus read, describe not only the particular kind of abduction of which the defendant was accused, but other kinds of the same offense. But *420 both the indictment and the charge of the court made it evident to the jury of what the defendant was accused. The defendant subsequently requested the court to charge that the people must establish the fact that the girl was taken, received, harbored and kept for the purpose of prostitution. The court declined, and charged as already from the Code. The language of the Code is broader than that-of the request, containing the words “employed and used;” therefore, the request was properly refused.
In no other way did the defendant call the attention of the court to the alleged error of reading the whole of section 282, subdivision 1. We are unable to see that any injustice was done to the defendant in this respect, or that-the jury could have been misled.
The charge in the indictment was that the defendant had taken, etc., for the purpose of prostitution. The court, in speaking of the claim of the people, said that they claimed, that the girl was taken, etc., for the purpose of prostitution, and for the purpose of sexual connection with men not her husband. Prostitution might include more general acts than would necessarily be within the phrase, 1 sexual connection with men not her husband,” but the purpose charged in this case was prostitution, which plainly included the other, and no harm was done the defendant.
The next objection is that the witness Susan stated what. Annie Lobdell said to her when engaging her to go to the defendant’s house. Nothing that was then said could have affected the defendant unfavorably. Annie asked Susan if she wanted a place. Susan said yes, and asked where the place was. Annie said “23 Hamilton street, and that it was a boarding house.” Then they'went together to that place, and Annie said to the defendant, “Here is a girl for you.” The defendant herself testified that she told Annie she wanted someone to help clean the house, and that Annie got the girl. And Annie testified that defendant sent her to the intelligence office to get someone to do the-work. Nothing in the conversation tended to show the defendant guilty of the crime. The only effect of it was to show how Susan happened to go to the defendant’s house.
Next it is urged that Susan was not sufficiently corroborated. Penal Code, § 283. Susan was corroborated as to the taking, receiving and employing, etc., by Annie and by defendant; as to her age, by her parents ; -, -- as to the purpose of prostitution; by the testimony of Annie that the house was one of prostitution; by defendant’s testimony that the house had seven rooms and beds in all of them; occupied only by herself, Annie and Susan; that she allowed men and women to go up into the parlors, and that she did not know anything about them after leaving *421 the parlors; that there was a bed in the basement; that she does not know whether Susan had connection with anybody in the house.
Judgment and conviction affirmed.
Landos, Ch. J., and Ingalls, J., concur.